UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DGI MANUFACTURING, LTD., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § CIVIL ACTION NO. 3:15-CV-02600 <br> § <br> THE TRAVELERS LLOYDS § <br> INSURANCE COMPANY, OSCAR V. § <br> RODRIQUEZ, and JASON KEEN, § <br> § <br> Defendants. § | |

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant The Travelers Lloyds Insurance Company ("Travelers") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.
<u>INTRODUCTION</u>**

1. Plaintiff DGI Manufacturing, Ltd. ("DGI") commenced this lawsuit on April 28, 2015, by filing Plaintiff's Original Petition ("Petition") in the 134th Judicial District Court of Dallas County, Texas.

2. Plaintiff's Petition names Travelers, Oscar Rodriquez ("Rodriquez"), and Jason Keen ("Keen") as Defendants.

3. Travelers accepted service of Plaintiff's Petition on July 9, 2015. On information and belief, neither Rodriquez nor Keen has been served with Plaintiff's Petition.

4. Travelers files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5. Rodriquez and Keen need not consent to removal as Travelers contends these individuals were improperly joined, and Keen has not yet been served in this matter.[1]

## II.
## BASIS FOR REMOVAL

6. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Travelers.**

8. A Lloyds plan is an unincorporated association. And, for diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the association.[2] The members of a Lloyds plan are the underwriters alone.[3]

9. The Lloyds plan named as Defendant in this action – The Travelers Lloyds Insurance Company – is an unincorporated association of twelve underwriters. The domiciliary state for all twelve underwriters is Connecticut. Travelers is thus a citizen of Connecticut for diversity jurisdiction purposes.[4]

---

[1] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Texas. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

[4] *Massey v. State Farm Lloyds*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's,* 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

2171089v1

10. Plaintiff is a Texas Limited Partnership with its principal place of business in Dallas, Texas. The citizenship of a limited partnership is determined by the citizenship of its partners.[5] Here, the general partner of DGI Manufacturing, Ltd. is DGI Manufacturing General Partner, LLC, whose members are Raleigh Davis and Donald Wooten - both Texas citizens. Based on publicly-available records regarding Plaintiff's organization and structure, Travelers understands no partner of DGI Manufacturing, Ltd. is a citizen of Connecticut.

11. Oscar Rodriquez is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Rodriquez in this lawsuit.

12. Jason Keen is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Keen in this lawsuit.

13. Because Rodriquez and Keen were improperly joined as Defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Travelers (now and on the date Plaintiff filed this lawsuit).

### (1) *Plaintiff Improperly Joined Rodriquez and Keen as Defendants to Defeat This Court's Diversity Jurisdiction.*

14. Improper joinder exists when there is actual fraud in the pleading of jurisdictional facts or the plaintiff is unable to establish a cause of action against the non-diverse defendant(s).[6] This second condition is met when there is no reasonable basis for predicting the plaintiff might

---

[5] *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

[6] *See One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.).

recover against the improperly-joined in-state defendant(s).[7]

15. The courts of the Fifth Circuit – including this Court – "conduct a Rule 12(b)(6)-type analysis" to determine whether a pleading provides a reasonable basis for predicting the plaintiff might recover against the improperly-joined in-state defendant(s).[8] "'Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'"[9]

16. To survive a rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[10] In considering whether a plaintiff's state court pleading meets this standard, the court is not to strain to find inferences favorable to the plaintiff, nor is it to accept conclusory allegations, unwarranted deductions, or legal conclusions.[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] However, the plausibility requirement is unlike the probability requirement in that it requires more than the sheer possibility that the defendant has acted wrongfully.[13] If the plaintiff cannot meet the plausibility standard, the claim must be dismissed.[14]

17. Here, Plaintiff has asserted claims against two in-state insurance adjusters –

---

[7] *See id.*

[8] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *One Way Investments,* 2014 WL 6991277, at *2 ("To assess 'whether a plaintiff has a reasonable basis of recovery under state law[,]' [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.") (quoting *Smallwood*, 385 F.3d at 573) (alteration in original).

[9] *One Way Investments,* 2014 WL 6991277, at *2 (quoting *Smallwood*, 385 F.3d at 573)

[10] *See Bell Atlantic v. Twombly*, 550 U.S. 544, 565 (2007).

[11] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 679.

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S NOTICE OF REMOVAL**                                                                                                                 **Page 4**
2171089v1

Rodriquez and Keen. However, as this Court has recognized in substantially similar contexts, Plaintiff's Petition fails to allege facts which would permit Plaintiff to recover from Rodriquez and/or Keen under Texas law.

18. The gravamen of Plaintiff's complaint is that Travelers failed to pay the full amount Plaintiff claims it was owed under the Travelers policy. Although Plaintiff alleges (in purely conclusory fashion) that Rodriquez and Keen engaged in purported violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, Plaintiff asserts identical allegations against Travelers, Rodriquez, and Keen, failing to identify any specific wrongdoing purportedly committed by each party.[15] Moreover, Plaintiff's allegations regarding the statutory violations purportedly committed by Rodriguez and Keen consist merely of labels, conclusions, and formulaic recitations of the causes of action collectively asserted against Travelers, Rodriquez, and Keen. None of these allegations are insufficient to permit recovery from Rodriquez and/or Keen under Texas law.[16]

19. Even if Plaintiff's Petition offered more than conclusory allegations and formulaic recitations of the causes of action collectively asserted against Travelers, Rodriquez, and Keen, which it does not, Plaintiff's Petition would nevertheless fall short of establishing a viable cause of action against either Rodriguez or Keen. Indeed, this Court has held – as a substantive matter – that individual insurance adjusters (like Rodriguez and Keen) cannot be held liable on the

---

[15] *See, e.g.,* Plaintiff's Petition at pages 6-8.

[16] *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (finding improper joinder where plaintiff's petition failed to delineate between claims against the insurer based upon the adjuster's conduct and those based upon the insurer's conduct alone); *see also Glen Willows Apartments v. Lexington, Ins. Co.*, No. H–10–2095, 2011 WL 1044206, at *3 (S.D. Tex. March 16, 2011) (holding that adjuster-defendants were improperly joined where plaintiff's "petition fail[ed] to allege any particular instance when [either adjuster-defendant] subjected himself to liability separate and apart from [insurer-defendant]").

various statutory claims asserted against Rodriguez and Keen in Plaintiff's Original Petition.[17]

### (2) Plaintiff's Claims against Rodriquez and Keen Bear the "Badges of Improper Joinder."

20. Not only does Plaintiff fail to allege facts sufficient to permit recovery from Rodriquez and/or Keen under Texas law, its claims also bear all three "badges of improper joinder" recognized by this Court.[18]

21. The first badge of improper joinder is present when the insured-plaintiff uses "'a standard form petition developed for use in similar cases' which appears 'purposefully designed to defeat federal court jurisdiction.'"[19] Here, Plaintiff's factual allegations against Travelers, Rodriquez, and Keen virtually mirror the factual allegations in the seven state court petitions attached as Exhibit B1 through B7. Indeed, all of these petitions – which were filed by Plaintiff's counsel in unrelated property damage lawsuits – allege the adjusters and/or consultants were

---

[17] *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for alleged violations of Section 542 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); *One Way Investments,* 2014 WL 6991277 at *3-5 (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Section 541 of the Texas Insurance Code); *see also Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *4, 8-10 (E.D. Tex. June 30, 2015) (adopting Magistrate Judge's conclusion that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Section 541 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); *Glen Willows,* 2011 WL 1044206, at *5 (denying insured's motion to remand because "'Unfair Insurance Practices' or negligent insurance adjusting, is not a cognizable tort in Texas").

[18] *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.), a copy of which is attached to this Notice as Exhibit A; *see also Davis v. Metro. Lloyds Ins. Co. of Texas*, No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015) (McBryde, J.); *Vann v. Allstate Ins. Co.,* No. 4:15-CV-277-A, 2015 WL 2250243, at *1 (N.D. Tex. May 12, 2015) (McBryde, J.); *SYP–Empire L.C. v. Travelers Cas. Ins. Co. of Am.,* No. 4:15–CV–213–A, 2015 WL 2234912, at *1 (N.D. Tex. May 12, 2015) (McBryde, J.); *Cano v. Allstate Texas Lloyds,* No. 4:15–CV–096–A, 2015 U.S. Dist. LEXIS 63477, at *1 (N.D. Tex. May 14, 2015) (McBryde, J.); *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015) (McBryde, J.); *Arriaga v. State Farm Lloyds,* No. 4:15–CV–308–A (N.D. Tex. May 27, 2015) (McBryde, J.); *Hershon v. State Farm Lloyds,* No. 4:15–CV–312–A (N.D. Tex. May 27, 2015) (McBryde, J.); *Ogden v. State Farm Lloyds,* No. 4:15-CV-139-A, 2015 WL 3450298, at *3 (N.D. Tex. May 28, 2015) (McBryde, J.); *Slabaugh,* 2015 WL 4046250, at *4, 8-10.

[19] *Plascencia* [Exhibit A] at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

"biased for insurers" and "true to form" created a "low-ball" offer or estimate.[20] Only the names of the individuals and insurance carriers differ; the boilerplate allegations in each petition are nearly identical.

22.     "Another badge of improper joinder is the failure of the plaintiff to cause service of process to be accomplished on the defendant whose presence is a potential impediment to removal to federal court."[21]  Here, Travelers understands neither Rodriquez nor Keen have been served with process in this matter.

23.     Finally, with respect to the third badge of improper joinder, Plaintiff has no "plausible reason for suing [Rodriquez and Keen] other than to defeat diversity jurisdiction."[22] There is no credible reason why a favorable judgment on Plaintiff's claims against Travelers (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Rodriquez and Keen] would provide any financial gain to [P]laintiff."[23] It is thus clear that Plaintiff's claims against Rodriquez and Keen are intended solely to deprive this Court of jurisdiction.

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

24.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Travelers' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[24]

---

[20]   *See generally* Exhibits B1-B7.

[21]   *Plascencia* [Exhibit A] at 17.

[22]   *Id.* at 18.

[23]   *Id*.

[24]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

25. Here, Plaintiff's Petition states that Plaintiff seeks to recover more than $1,000,000 in this lawsuit.[25] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

26. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

27. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b. a copy of the docket sheet in the state court action;

    c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

28. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant The Travelers Lloyds Insurance Company requests that this action be removed from the 134th Judicial District Court of Dallas County, Texas, to the United

---

[25] Plaintiff's Petition at page 9.

States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

                Respectfully submitted,

                **ZELLE HOFMANN VOELBEL & MASON LLP**

                By:    */s/ Jennifer L. Gibbs*
                    James W. Holbrook, III
                    Texas Bar No. 24032426
                    jholbrook@zelle.com
                    Jennifer L. Gibbs
                    Texas Bar No. 24050656
                    jgibbs@zelle.com

                901 Main Street, Suite 4000
                Dallas, TX 75202-3975
                Telephone: 214-742-3000
                Facsimile: 214-760-8994

                **ATTORNEYS FOR DEFENDANT**
                **THE TRAVELERS LLOYDS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 7th day of August, 2015, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

| | |
|---|---|
| Robert W. Von Dohlen | Robert W. Loree |
| robert@vondohlenlaw.com | rob@lhllawfirm.com |
| VON DOHLEN LAW FIRM, PLLC | LOREE & LIPSCOMB |
| 4101 Washington Avenue | 777 East Sonterra Boulevard |
| Houston, TX | Suite 320 |
| Telephone: 830-388-0084 | San Antonio, TX 78258 |
| Facsimile: 866-838-6316 | Telephone: 210-404-1320 |
| *Attorney for Plaintiff* | Facsimile: 210-404-1310 |
| | *Attorney for Plaintiff* |

                */s/ Jennifer L. Gibbs*
                Jennifer L. Gibbs