THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DGI MANUFACTURING, LTD., | § | |
| | § | |
| Plaintiffs , | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:15-CV-02600 |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, OSCAR V. | § | |
| RODRIQUEZ, AND JASON KEEN, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Documents filed and all orders entered in the state court action as listed below:

1. Plaintiff's Original Petition
   Filed:  April 28, 2015

2. Court's Notice of Dismissal for Want of Prosecution
   Filed:  May 11, 2015

3. Plaintiff's Citation issued to The Travelers Lloyds Insurance Company
   Issued:  June 8, 2015 (Unserved)

4. Plaintiff's Citation issued to Oscar V. Rodriquez
   Issued:  June 8, 2015 (Unserved)

5. Plaintiff's Citation issued to Jason Keen
   Issued:  June 8, 2015 (Unserved)

6. Plaintiff's Letter to Court requesting that cause remain active
   Filed:  June 29, 2015

7. Defendant The Travelers Lloyds Insurance Company's Answer to Plaintiff's Original Petition
   Filed:  August 3, 2015

# Exhibit 1

FILED
DALLAS COUNTY
4/28/2015 9:07:52 PM
FELICIA PITRE
DISTRICT CLERK

Candace Tyler

DC-15-04909

## CAUSE NO. _____

| | | |
|---|---|---|
| **DGI MANUFACTURING, LTD.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | 134TH |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE** | § | |
| **COMPANY, OSCAR V. RODRIQUEZ, and** | § | |
| **JASON KEEN** | § | |
| | § | |
| **Defendants** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, DGI Manufacturing Ltd., files this original petition complaining of Defendants,
The Travelers Lloyds Insurance Company, Oscar Rodriguez, and Jason Keen in which Plaintiff
is seeking monetary relief over $1,000,000. In support of this petition, Plaintiff would show this
honorable court as follows:

### I. Parties, Venue and Discovery Level

Plaintiff, DGI Manufacturing Ltd. (hereafter "DGI"), is a Texas limited liability company
that owns certain commercial real property with improvements and business personal property
located at 256 Regal Row, Dallas, Texas 75247.

Defendant, The Travelers Lloyds Insurance Company (hereafter "Travelers"), is a Texas
insurance company that can be served by serving its registered agent for service Corporation
Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant Oscar V. Rodriguez is a Texas resident and licensed insurance adjuster by the Texas Department of Insurance. Mr. Rodriguez can be served at his business address at PO Box 660452, Dallas, Texas 76266-0452.

Defendant Jason Keen is a Texas resident and licensed insurance adjuster by the Texas Department of Insurance. Mr. Keen can be served at his business address at PO Box 660452, Dallas, Texas 76266-0452.

The venue of this case is proper in Dallas County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants and/ or their agents, officers, servants, employees, or representatives did such act or thing. Said acts were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants and/or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

DGI Manufacturing LTD ("DGI") purchased a Commercial Property Insurance Policy (Policy Number IL660-7878B120) from The Travelers Lloyds Insurance Company ("Travelers") for a policy period from June 30, 2010 to June 30, 2011 to cover property losses at DGI's

commercial office and warehouse building located at 256 Regal Row in Dallas, Texas. On or about May 24, 2011, which was within the applicable policy period, DGI's property sustained damage due to a severe wind and hail storm.

On or about May 25, 2011, DGI promptly notified Travelers of this loss. Travelers assigned its adjuster Jason Keen to inspect the loss and adjust the claim. Plaintiff believes that Travelers had Mr. Keen adjust this loss because Travelers knows that Mr. Keen is biased for insurers and will conduct a result-oriented inspect to assist Travelers in either low-ball estimating or denying an insurance claim. True to form, on or about May 31, 2011, Mr. Keen inspected DGI's property and found only minimal storm damage. In a June 2, 2011 letter, Jason Keen and Travelers determined that DGI has sustained a covered loss for this storm damage in the amount of only $2,594. For this inspection and claims decision, Travelers and its adjusters had the duty and responsibility of conducting a thorough and reasonable investigation of DGI's claim, but failed to do so and low-balled DGI's claim. In this respect, Travelers and Jason Keen refused to pay a claim without conducting a reasonable investigation of that claim in violation of Section 541.060 of the Texas Insurance Code. Travelers and Mr. Keen also violated Section 541.060 of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim on which the insurer's liability had become reasonably clear.

Due to this gross under-estimation of the storm damage to its property and continuous leaking through its storm damaged roof, DGI in early 2013 requested that Travelers re-inspect the property. Travelers had its adjuster Oscar V. Rodriquez inspect the loss on or about February 11, 2013. In a February 22, 2013 letter, Mr. Rodriquez told DGI that Travelers would re-inspect DGI's damage from the May 11, 2011 storm and that he and Travelers had hired an engineering firm, Rimkus Consulting Group, Inc. (hereafter "Rimkus"), to inspect DGI's roof and determine

the cause and extent of damage from the subject storm. DGI believes that Travelers and Oscar Rodriquez hired Rimkus because they know that Rimkus is biased for insurers and will prepare result-oriented reports to assist insurers in low-balling or denying an insurance claim. Rimkus' engineer, Jason C. Womack, inspect DGI's commercial building on February 27, 2013.

True to form, in a March 22, 2013 report, Rimkus concluded that the subject storm had not caused any damage to the modified bitumen warehouse roof even though the roof had been leaking continuously since the May 24, 2011 storm. This storm was the last known hail storm in the vicinity. Based on Rimkus' report, in a May 1, 2013 letter, Travelers and Mr. Rodriquez said that they would only pay DGI $111,211.85 for all the damage to DGI's property from the May 11, 2011 storm. Thereafter, Travelers sent DGI a May 6, 2013 check for $111,211.85.

Since DGI believed that Travelers, Mr. Rodriquez, and Rimkus had low-balled its insurance claim, DGI decided to hire its own roofing consultant to inspect DGI's roof and determine the cause and extent of damage from the subject storm. DGI thereafter retained an experienced roofing consultant, Jim Witten Roof Consultants, Inc., to report on the damage to DGI's property from the May 11, 2011 storm. In an August 18, 2014 report, Jim Witten Roof Consultants, Inc. found that the subject storm had damaged the modified bitumen warehouse roof and the SPF roofs at DGI's property and that these roofs needed replacement as a result of this storm damage. In this respect, Jim Witten Roof Consultants, Inc. found much more storm damage to DGI's roofs than Travelers, its adjusters, and its biased consultant had found.

DGI also sent this report and a repair estimate for the storm damage found by Jim Witten Roof Consultants, Inc. in the total amount of $1,534,394.87 to Travelers and Mr. Rodriquez. Travelers and Mr. Rodriquez, however, ignored this report and estimate. In this respect, Mr. Rodriquez refused to pay a claim without conducting a reasonable investigation of that claim in

violation of Section 541.060 of the Texas Insurance Code. Mr. Rodriquez also violated Section 541.060 of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim on which the insurer's liability had become reasonably clear. Despite DGI's continued cooperation, Travelers and its adjusters refused to fully cover the subject storm damage to DGI's property.

To date, Defendants have refused to pay DGI any additional policy benefits on the subject storm damage to its property. Because Defendants denied proper payment of its insured's claims, DGI has not been able to properly and completely repair the damages to its property, which had resulted in continued deterioration and damage to the property. Because Defendants have refused to properly adjust and pay DGI's insurance claim, DGI has been forced to seek redress under the law.

## V.  Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, Travelers has the duty to investigate and pay Plaintiff policy benefits for claims made for damages to its property caused by windstorm and hail. Plaintiff's property sustained damage from a May 24, 2011 wind and hail storm, which damage is covered under Plaintiff's insurance policy with Travelers. Travelers breached its contractual obligation and the subject insurance policy by failing to pay Plaintiff policy benefits for the cost to properly repair the windstorm and hail damage to its property. Travelers also breached the contractual provisions of timely investigating, adjusting and paying Plaintiff's windstorm and hail claim. As a result of these breaches of contract, Plaintiff suffered the damages described in this petition.

## VI.  Causes of Action for Violation of Chapter 542 of the Insurance Code

The conduct of Travelers and its adjusters described in this petition violates Chapter 542

of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's windstorm and hail damage claim, Defendants did not request from Plaintiff any items, statements, and/ or forms that Defendants reasonably believed at that time would be required from Plaintiff for its claim. As a result, Defendants violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 36 days after receiving either actual or written notice of its claim. Defendants also violated Section 542.058 by failing to pay Plaintiff's claim within 75 days after receiving either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that Defendants owe Plaintiff any additional monies, Defendants have automatically violated Chapter 542 of the Texas Insurance Code. In this respect, Travelers has already violated Chapter 542 by not promptly paying the $111,211.85 that Travelers did on May 6, 2013 pay based on Plaintiff's notice of this loss to Travelers almost two years earlier on or about May 25, 2011.

## VII.  DTPA Causes of Action

Plaintiff incorporates all of the allegations in this petition for these causes of action against defendants Travelers, Oscar Rodriguez and Jason Keen under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against these Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

A.  By their acts, omissions, failures, and conduct that are described in this petition, Defendants Travelers, Oscar Rodriquez, and Jason Keen have violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. In this respect, these Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claims, (2) their failure to properly investigate Plaintiff's claim, (3) their use of low-ball estimates to underpay Plaintiff's windstorm and hail damage claim, and (4) their failure to pay for the proper repair of Plaintiff's property on which Defendants' liability had become reasonably clear;

B.  As described in this petition, Defendants Travelers, Oscar Rodriquez, and Jason Keen

6

represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

C.  As described in this petition, Defendants Travelers, Oscar Rodriquez, and Jason Keen represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

D.  As described in this petition, Defendants Travelers, Oscar Rodriquez, and Jason Keen represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E.  By representing that Defendants Travelers, Oscar Rodriquez, and Jason Keen would pay to repair the damages caused by windstorm and hail and then not doing so, these Defendants violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

F.  Defendants Travelers, Oscar Rodriquez, and Jason Keen breached an express warranty that the damage caused by windstorm and hail would be covered under the subject insurance policy.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

G.  The actions of Defendants Travelers, Oscar Rodriquez, and Jason Keen, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. These Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a) (3) of the DTPA; and

H.  The conduct, acts, omissions, and failures of Defendants Travelers, Oscar Rodriquez, and Jason Keen, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are the producing causes of Plaintiff's damages described in this petition.

## VIII.  Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against Defendants Travelers, Oscar Rodriguez and Jason Keen under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts,

omissions, failures, and conduct, Defendants Travelers, Oscar Rodriquez, and Jason Keen engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' failures to properly investigate Plaintiff's claims. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which their liability had become reasonably clear. They also include Defendants' use of low-ball estimates to underpay Plaintiff's claim and Defendants' failure to look for coverage and give Plaintiff the benefit of the doubt. Specifically, Defendants Travelers, Oscar Rodriquez, and Jason Keen are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Travelers also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing to Plaintiff. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

## IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all of the allegations of the preceding paragraphs for this cause of action against Travelers. Travelers, without exception, have an ongoing duty of good faith and fair dealing in settling Plaintiff's claims. By its acts, omissions, failures and conduct, Travelers has breached (and continues to breach) its common law duty of good faith and fair dealing by failing to pay Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its partial payment and denial of the remainder of Plaintiff's denial. Travelers also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim because Travelers knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Travelers are the proximate cause of Plaintiff's damages.

## X. Waiver and Estoppel

Defendants Travelers, Oscar Rodriquez, and Jason Keen have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

## XI. Damages

The above described acts, omissions, failures, and conduct of Defendants Travelers, Oscar Rodriquez, and Jason Keen have caused Plaintiff damages, which include, without limitation, the cost to properly repair its property and any investigative and engineering fees incurred during the claim process in the approximate amount of $1,420,000 after offsetting for previous payments. Plaintiff is also entitled to recover the amount of its claim plus an eighteen percent per annum interest on that claim and on the previous untimely payment on May 6, 2013

against Travelers as damages under Section 542.060 of the Texas Insurance Code.   All the damages described in this petition are within the jurisdictional limits of the Court.

### XII. Additional Damages

Defendants Travelers, Oscar Rodriquez, and Jason Keen also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b) (1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

### XIII. Exemplary Damages

Travelers breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence' as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Travelers are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

### XIV. Attorneys' Fees

As a result of Defendants' conduct described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

## XV. <u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and also requests that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorneys' fees through trial and on appeal;
3. Pre-judgment and post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /S/ *Robert W. Von Dohlen*
Robert W. Von Dohlen

State Bar No. 24077596
VON DOHLEN LAW FIRM, PLLC
4101 Washington Avenue
Houston, Texas 77007
Telephone: (830) 388-0084
Facsimile:  (866) 838-6316
Email:  robert@vondohlenlaw.com

By: /S/ *Robert W. Loree*
Robert W. Loree

State Bar No. 12579200
*Loree & Lipscomb*
The Terrace at Concord
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310
Email:  rob@lhllawfirm.com

Attorneys for Plaintiff

Exhibit 2

FILED
DALLAS COUNTY
5/11/2015 2:21:00 PM
FELICIA PITRE
DISTRICT CLERK



**JUDGE DALE TILLERY PRESIDING**
134th Judicial District Court
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75201
214/653-6995
fly@dallascourts.org

May 11, 2015

ROBERT W. VON DOHLEN
VON DOHLEN LAW FIRM PLLC
4101 WASHINGTON AVENUE
HOUSTON TX 77007

Re:    DGI MANUFACTURING, LTD.  vs.  THE TRAVELERS LLOYDS
       INSURANCE COMPANY, et al
       DC-15-04909

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

**June 29, 2015 at 10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

pc:  ROBERT W. VON DOHLEN

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

Exhibit 3

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:
    THE TRAVELERS LLOYDS INSURANCE COMPANY
    SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 E 7TH ST STE 620
    AUSTIN TX 78701-3218

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DGI MANUFACTURING, LTD.**

Filed in said Court **28th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY, OSCAR V RODRIGUEZ, AND JASON KEEN**

For Suit, said suit being numbered <u>**DC-15-04909,**</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                /s/ Altha Miles
    By_____, Deputy
      ALTHA MILES

---

ESERVE

**CITATION**

**DC-15-04909**

**DGI MANUFACTURING, LTD.**
vs.
**THE TRAVELERS LLOYDS**
**INSURANCE COMPANY, et al**

ISSUED THIS
5th day of June, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
ROBERT W. VON DOHLEN
ROBERT@VONDOHLENLAW.COM
4101 WASHINGTON AVENUE
HOUSTON TX 77007
830-388-0084

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-15-04909

Court No.134th District Court

Style: DGI MANUFACTURING, LTD.

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Exhibit 4

**FORM NO.  353-3 - CITATION**
**THE STATE OF TEXAS**

To:

    OSCAR RODRIGUEZ
    PO BOX 660452
    DALLAS TX  76266-0452

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the
clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DGI MANUFACTURING, LTD.**

Filed in said Court **28th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY, OSCAR V RODRIGUEZ, AND JASON
KEEN**

For Suit, said suit being numbered **DC-15-04909**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

        By _____/s/ Altha Miles_____, Deputy
           ALTHA MILES

---

**ESERVE**

**CITATION**

**DC-15-04909**

**DGI MANUFACTURING, LTD.**
vs.
**THE TRAVELERS LLOYDS
INSURANCE COMPANY, et al**

ISSUED THIS
**5th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
ROBERT W. VON DOHLEN
ROBERT@VONDOHLENLAW.COM
4101 WASHINGTON AVENUE
HOUSTON TX  77007
830-388-0084

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-04909

Court No.134th District Court

Style: DGI MANUFACTURING, LTD.

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|                     |              |                                            |
|---------------------|--------------|--------------------------------------------|
| For serving Citation | $_____ | _____       |
| For mileage          | $_____ | of_____County, _____   |
| For Notary           | $_____ | By_____Deputy  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Exhibit 5

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**JASON KEEN**
**PO BOX 660452**
**DALLAS TX  76266-0452**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the
clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DGI MANUFACTURING, LTD.**

Filed in said Court  **28th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY, OSCAR V RODRIGUEZ, AND JASON
KEEN**

For Suit, said suit being numbered **DC-15-04909,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Altha Miles_____, Deputy
   ALTHA MILES

---

ESERVE

## CITATION

## DC-15-04909

**DGI MANUFACTURING, LTD.**
vs.
**THE TRAVELERS LLOYDS
INSURANCE COMPANY, et al**

ISSUED THIS
**5th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy

**Attorney for Plaintiff**
ROBERT W. VON DOHLEN
ROBERT@VONDOHLENLAW.COM
4101 WASHINGTON AVENUE
HOUSTON TX  77007
830-388-0084

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-15-04909

Court No.134th District Court

Style: DGI MANUFACTURING, LTD.

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Exhibit 6

FILED
DALLAS COUNTY
6/29/2015 9:42:50 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.   DC-15-04909

| | | |
|---|---|---|
| DGI MANUFACTURING, LTD. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 134th JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY, OSCAR V. RODRIQUEZ, and | § | |
| JASON KEEN | § | |
| | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

June 29, 2015

To the Clerk of the Court:

This cause is scheduled to appear on the DWOP docket today.

Plaintiff respectfully requests that the cause remain active. The parties are in communications to resolve their differences and have mediation scheduled for July 9th, 2015. Plaintiff offers that it would be in the best interest of judicial economy to allow this case to remain active so that Plaintiff would not have to re-file its case.

Sincerely,

Robert Von Dohlen
Texas Bar No. 24077596
Von Dohlen Law Firm

Attorney for Plaintiff

Fax 866-838-6316

Cell 830-388-0084



# WILL PRYOR

## MEDIATION & ARBITRATION

TWO LINCOLN CENTRE
5420 LBJ FREEWAY (TOLLWAY @ LBJ) · SUITE 626
DALLAS, TEXAS  75240
(phone) 469-374-0222 · (fax) 469-374-9272 · e wpryor@willpryor.com
**wpryor@willpryor.com**

June 22, 2015

## Mediation Confirmation & Invoice:  *DGI v. Travelers*

Rob Loree                     *via email rob@lhllawfirm.com*
Loree & Lipscomb

Robert Von Dohlen             *via email robert@vondohlenlaw.com*
Von Dohlen Law Firm

John Holbrook                 *via email JHolbrook@zelle.com*
Zelle Larson

Counsel:

This will confirm the details of your mediation:

### Date / Time / Location
- **Date: Thursday, July 9, 2015**
- **Time: 9:00 a.m. – 1:00 p.m. ("half day")**
- **Location: Two Lincoln Centre, 5420 BJ Freeway, Suite 626, Dallas, Texas 75240;**

Lincoln Centre is at the intersection of the Dallas North Tollway and I-635 (the LBJ Freeway) in North Dallas. Directions and other information can be obtained from www.willpryor.com.

## Pre-Mediation Communication and Submissions

I encourage and welcome any form of communication from you prior to the mediation. Whether the communication is a phone conference, a written submission, or a meeting, **your communication will be treated confidentially.** If requested to do so, I will return any or all of the materials furnished to me at the conclusion of our mediation.

In addition to the mediation fee, each side is requested to submit the following prior to the mediation:

- a brief summary of the dispute (pleadings, motions for summary judgment, etc. are encouraged);

- a list of everyone attending the mediation with you;

- any special needs you may have (audio visual equipment, easels, etc.).

## Participation Matters: Who Will Attend?

The number one reason for a mediation failing is that a critically important decision maker was not physically present. I urge counsel to *carefully consider* any decision to allow someone else's representative to attend by phone. It does not matter the reason (cost savings, scheduling conflicts, etc.). It does not matter how well-intentioned the request. I've heard it all ("my guy promises to stay glued to his phone!"). *It doesn't work.* The success rate of the process plummets when participation by phone is involved. Agree if you must. You have been warned!

If there is an agreement to allow a client to participate by phone, please let me know in advance.

If you are mediating by agreement, why not make a condition of your agreement the participation of a key player on the other side?

If your mediation is court-ordered, it is likely that the order incorporates a set of rules that require you to notify each other, in advance, of your participants.  If you have any concerns about anyone's attendance, please let me know and I will intervene.

## The Process

Should we have a "joint session" to begin the process?  Joint sessions are sometimes perfunctory, sometimes elaborate, and more often somewhere in between.  In recent years more and more advocates, and some neutrals, have developed a preference for skipping the joint session, suggesting that putting the parties and counsel in a room together can be "too adversarial", "too emotional", "counterproductive", "unnecessary", etc.

While I prefer to conduct a joint session, and we will likely have one in this case unless I am persuaded otherwise, I recognize that there are circumstances in which they should be avoided. **We can talk about it.  If you have a strong view, either way, about whether a joint session should convene in this case, let me know.**

## <u>The Book</u>

I am the proud author of *A Short & Happy Guide to Mediation*, published by West and available at Amazon.com!  You and/or your client might enjoy this roadmap of the mediation process.  I highly recommend it, especially for anyone who might not be experienced with the process.

> *You are advised and reminded that my  role is limited to that of a neutral facilitator; I am not permitted, nor will I  attempt to act as an advocate for any party to this dispute.*

An invoice for mediation fees is attached.

Please call, email, or fax any questions or concerns you may have.  I look forward to working with you. **Thank you for this opportunity.**

--Will Pryor

Exhibit 7

FILED
DALLAS COUNTY
8/3/2015 11:11:12 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-04909

| | | |
|---|---|---|
| DGI MANUFACTURING, LTD., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY, OSCAR V. RODRIQUEZ, | § | |
| AND JASON KEEN, | § | |
| | § | |
| Defendants. | § | 134TH JUDICIAL DISTRICT |

## DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant The Travelers Lloyds Insurance Company ("Travelers") files this Answer to Plaintiff's Original Petition and states:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Travelers generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions contained in The Travelers Lloyds Insurance Company policy number I-660-7878Bl20-TLC-10 (the "Policy").

2.     The amount recoverable for Plaintiff's claims is limited by the applicable limits and sub-limits contained in the Policy, including, but not limited to, the sub-limit for increased cost of construction.

3.     Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or

damage made did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was not caused by or did not result from a covered cause of loss.

5.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure and/or neglect to use all reasonable means to save and preserve the property from further damage at and after the time of alleged loss.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was caused by or resulted from wear and tear, rust, corrosion, fungus, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed loss or damage was caused by or resulted from faulty, inadequate or defective planning, development, design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials or maintenance.

8.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was caused by or resulted from the continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurred over a period of 14 days or more.

9.      Plaintiff's claims are barred, in whole or in part, to the extent any claimed architectural, engineering, consulting, and/or supervisory fees are not reasonable and/or necessary.

10.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

11.     Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitation(s).

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's alleged injuries.

13.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged injuries were proximately caused, in whole or in part, by the acts or omissions of third parties.

14.     Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

15.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

16.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy.  Travelers is entitled to value claims differently from its policyholders without facing bad-faith or extra-contractual liability. Travelers would show that a bona fide controversy exists regarding the scope of any alleged covered loss or damage and/or the extent to which any asserted loss or damage was the result of a covered occurrence to covered property during the applicable Policy period.

17.     Travelers reserves the right to assert additional defenses with respect to such Plaintiff's claims as additional information becomes available as this litigation proceeds.

### III.
### PRAYER

Travelers prays that Plaintiff's claims for relief be denied in their entirety, Plaintiff take nothing by way of this lawsuit, and Travelers be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By:_____/s/ James W. Holbrook, III_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT THE
TRAVELERS LLOYDS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing Answer to Plaintiff's Original Petition was served on all counsel of record on August 3, 2015, in accordance with the Texas Rules of Civil Procedure as follows:

| | |
|---|---|
| Robert W. Von Dohlen | Robert W. Loree |
| robert@vondohlenlaw.com | rob@lhllawfirm.com |
| VON DOHLEN LAW FIRM, PLLC | LOREE & LIPSCOMB |
| 4101 Washington Avenue | 777 East Sonterra Boulevard |
| Houston, TX | Suite 320 |
| Telephone:   830-388-0084 | San Antonio, TX  78258 |
| Facsimile:    866-838-6316 | Telephone:   210-404-1320 |
| **Attorney for Plaintiff** | Facsimile:    210-404-1310 |
| | **Attorney for Plaintiff** |

        _____/s/ James W. Holbrook, III_____
        James W. Holbrook, III