IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DGI MANUFACTURING, LTD. § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | Civil Action No. 3:15-CV-02600 |
| THE TRAVELER LLOYDS INSURANCE § | |
| COMPANY OSCAR V. RODRIQUES and § | |
| JASON KEEN § | |
| § | |
| Defendants § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, DGI Manufacturing Ltd. (hereafter "DGI" or "Plaintiff"), moves this Court to remand this action to the state court from which it was removed, the 134th Judicial District Court of Dallas County, Texas under cause number DC-15-04909 and would show this honorable Court as follows:

### Introduction

1. On April 28, 2015, Plaintiff, who is a Texas limited liability company, filed this case, Cause Number DC-15-04909, in the 134th District Court of Dallas County, Texas against Defendants, The Travelers Insurance Company (hereafter "Travelers"), Oscar V. Rodriguez, and Jason Keen.[1] Travelers is not a Texas citizen for this jurisdictional inquiry. Mr. Rodriguez and Mr. Keen, however, are citizens of Texas, like Plaintiff, and complete diversity does not exist in this case. To avoid the rule of complete diversity, Defendant Travelers has alleged in its removal

---

[1] Plaintiff did not immediately serve Defendants because the parties were engaged in settlement discussions and mediated the case on July 9, 2015, which mediation was not successful. Thereafter, Plaintiff ordered service on all Defendants. Travelers accepted service retroactive to July 9, 2015 and then answered and removed this case on August 7, 2015. Defendants Rodriquez and Keen were served on August 10, 2015. Defendant Rodriquez answered on August 31, 2015 and Defendant Keen has not yet answered.

that the citizenship of Defendants Rodriguez and Keen should be ignored and the Court should only look to the citizenship of Plaintiff and Travelers. Since Rodriguez and Keen are proper parties to this case and have not been improperly joined, diversity jurisdiction does not exist in this case. This case should therefore be remanded to the state court where it was originally filed.

2   In its removal, Travelers misconstrues the applicable law. Travelers alleges that Plaintiff's contentions against Rodriguez and Keen do not allege any injury that is independent and separate from the economic losses Plaintiff seeks in its breach of contract claim against Travelers. In making this argument, Travelers has ignored the controlling authority of *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998), wherein the Texas Supreme Court has established that adjusters, such as Rodriguez and Keen, can be held individually liable for any of their violations of Article 21.21 of the Texas Insurance Code (revised to Chapter 541 of the Tex. Ins. Code). In addition to ignoring Garrison, Travelers has also ignored the controlling authority of *Vail v. Texas Farm Bureau Mutual Insurance Company*, 154 S.W.2d 129 (Tex. 1988), which held that contract damages support violations of the Texas Insurance Code against an adjuster, which can also be a basis for extra-contractual damages. Based on this controlling authority, DGI has clearly stated multiple causes of action against the Texas citizens Rodriguez and Keen and this case should be summarily remanded.

### Applicable Standards of Review

3. Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir.

2002). A court must strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996); *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If the plaintiff's pleading reveals a reasonable basis of recovery on just one cause of action, the court must remand the entire suit to state court. *See Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

4. The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). However, removal is only proper in such cases if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch v. Harford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

5. The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonald v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). In addition, Travelers must satisfy this heavy burden through clear and convincing evidence. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1992). The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385

F.3d 568, 573 (5th Cir.2004) (en banc). In this case, Defendants do not assert that DGI engaged in fraud. Thus, in order to establish improper joinder, Defendants must demonstrate that there is no possibility of recovery by DGI against Rodriguez *or* Keen. *Smallwood*, 385 F.3d at 573. If there is any "possibility" whatsoever that Plaintiff's claims against Rodriguez and Keen are valid, then their joinder is proper and the case must be remanded. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *B., Inc.*, 663 F.2d at 550. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

6. To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood* at 573. In this case, since Plaintiff has not withheld facts relevant to the propriety of joinder, this Court should not "pierce the pleadings" and conduct a Rule 56 type analysis, but look at only the face of the state court complaint. *Linron Properties v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-00293-B, 2015 WL 3755071 (N.D. Tex. June 16, 2015)(Boyle, J.). Consequently, this Court should ignore the attachments to Travelers' removal in Exhibit B (Document 1-6), to which Plaintiff also objects.

7. If the complaint survives the analysis, there is generally no improper joinder. *Id.* The Fifth Circuit's use of the phrase "Rule 12(b)(6)-type analysis" does not indicate that this inquiry requires application of the federal motion to dismiss standard detailed in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In fact, the majority of courts have held that a federal court should *not* look to the federal standard

for pleading to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when the state pleading standard is more lenient. *Edwea, Inc. v. Allstate Insurance Company*, No. H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (citing, *e.g.*, *Warren v. State Farm Mutual Automobile Insurance Company*, No. 3:08-CV-0768-0, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the plaintiff's] complaint under Texas' notice-pleading standard.")). In *Akerblom v. Ezra Holdings Limited*, 509 Fed. Appx. 340, 344-345 (5th Cir. 2013), the Fifth Circuit endorsed the *Edwea* approach by applying Texas' notice pleading requirements when conducting an improper joinder analysis. *Id.* at 344-345.

8. Applying the state pleading standard in these circumstances is the more logical choice because the purpose of a fraudulent joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims. *DNJ Logistic Group, Inc. v. DHL Express (USA) Inc.*, 727 F. Supp. 2d 160, 165 (E.D. N.Y. 2010) (quoting *Kuperstein v. Hoffman-LaRoche, Inc.*, 457 F. Supp. 2d 467, 471-72 (S.D. N.Y. 2006)). Furthermore, "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006). Thus, Texas' fair notice pleading standard applies.

9. The Texas Fair Notice pleading standard in Rule 45(b) of the Texas Rules of Civil Procedure requires that pleadings "consist of a statement in plain and concise language of the plaintiff's cause of action." If an allegation is evidentiary or conclusory, it is not "grounds for

objection when fair notice to the opponent is given by the allegations as a whole." Rule 47(a) of the Texas Rules of Civil Procedure also provides that an original pleading setting forth the claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." In addition, in determining whether a particular cause of action is stated, a plaintiff's pleadings must be clear enough for the court to ascertain, with reasonable certainty, the elements of plaintiffs' cause of action and the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). In addition, under Texas law, as under the federal standard for determining improper joinder, a plaintiff's pleadings must be construed as favorably as possible to the pleader. The court will look to the pleader's intent and a pleading will be upheld even if some element of a cause of action has not been specifically alleged. *Exxon Corporation v. Allsup*, 808 S.S.2d 648, 658 (Tex. App. - Corpus Christi 1991, writ denied). The test is whether an opposing attorney of reasonable competence could ascertain from the pleadings "the nature and basic issues of the controversy and the testimony probably relevant." *Argonaut Insurance Co. v. Allstate Insurance Co.*, 869 S.W.2d 537, 542-43 (Tex. App. - Corpus Christi 1993, writ denied).

### Plaintiff's Motion to Remand

10. Because Texas law recognizes claims against adjusters like Rodriquez and Keen in their individual capacities, the relevant inquiry is whether Plaintiff has properly stated claims against Rodriguez and Keen for conduct as individual adjusters. In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Rodriguez and Keen, the non-diverse, in-state defendants, for violations of Chapter 541 of the Texas Insurance Code or the DTPA. *See Smallwood*, 385 F.3d at 573. The court need not decide whether Plaintiff has sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis for Plaintiff to potentially

recover on any of these causes of action, the court must remand the entire case. See *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

11. The claims in Plaintiff's lawsuit against the Texas adjusters Rodriguez and Keen are very specific. On pages two through five of its original petition (Document 1-3), Plaintiff specifically alleges facts supporting its claims that Defendants Rodriguez and Keen violated Chapter 541 of the Texas Insurance Code by failing to timely pay Plaintiffs claim, by failing to conduct a reasonable investigation of the Plaintiff's claims, failing to affirm or deny coverage of Plaintiff's wind and hail storm damage claims within a reasonable time, and by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims on which the insurer's liability had become reasonably clear. These violations of Chapter 541 of the Texas Insurance Code concerned Plaintiff's claims for damages to its commercial buildings from windstorm and hail.

12. In its removal, Travelers erroneously contends that Plaintiff has alleged no cause of action against Rodriguez and Keen as a matter of law and has ignored controlling authority. In *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998), the Texas Supreme Court ruled that adjusters, like Rodriguez and Keen, can be held individually liable for any of their violations of Article 21.21 (now Chapter 541) of the Texas Insurance Code. Rodriguez and Keen fall within the definition of "person" under Section 541.002(2) of the Texas Insurance Code and are individually liable for their violations of Chapter 541. *Vargas v.*

*State Farm Lloyds*, 216 F. Supp. 2d 643, 647-48 (S.D. Tex. 2002); *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998).

13. In *Garrison Contractors*, the Texas Supreme Court held that an employee of an insurance company engaged in the business of insurance was subject to liability under the Texas Insurance Code. *Id* at 484-86. Such a person would include one who had insurance expertise and responsibility for the servicing of insurance policies and who was personally involved in the transaction that formed the basis of the insured's complaint. An adjuster handling a claim for an insurer and the conduct of Rodriguez and Keen as alleged in Plaintiff's Original Petition unquestionably fits this description.

14. In its notice of removal, Travelers relies on the 2014 decisions in *Messersmith v. Nationwide Mutual Fire Insurance Co.*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) and *One Way Investments v. Century Insurance Co.*, No. 3:14–CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) to support its proposition that individual adjusters cannot be held liable on statutory claims under Chapter 541 of the Texas Insurance Code. In remanding a similar case, however, this Court has recently disagreed with the *Messersmith* and *One Way Investments* opinions and noted their status as outlier cases. *Linron Properties, Ltd. v. Wausau Underwriters Insurance, Co., et. al.*, No. 3:15-CV-00293-B, 2015 WL 3755071 (N.D. Tex. June 16, 2015) (Boyle, J.). Senior Judge A. Joe Fish also disagreed with the *Messersmith* decision in his remand order in *Glidewell v. Safeco Insurance Company of Indiana, et al*, No. 3:15-CV-01099-G, 2105 WL 4868483(N.D. Tex. August 13, 2015) (Fish, J.).

15. In *Linron*, this Court stated, "But while the courts' reasoning in these cases [*Messersmith* and *One Way Investments*] has some logical appeal, a closer examination of the precise language of §541.060(a)(2)(a) and the role played by insurance adjusters in the claims

handling process belies their conclusions." *Linron*, 2015 WL 3755071 at *4. This Court went on to hold *"As the persons primarily responsible for investigating and evaluating insurance claims insurance adjusters unquestionably have the ability to affect or bring about the "prompt, fair, an equitable settlement" of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." Id.* at *7 - *8 (emphasis added). This Court then concluded: "As such, a delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim." *Id.* at *8. In the present case, adjusters Rodriguez and Keen were given fair notice of Plaintiff's allegations that as adjusters, they are liable to Plaintiff for, among other things, violating the Texas Insurance Code in their adjustment of the Plaintiff's claims. This court has observed that as adjusters they "unquestionably have the ability to affect" the outcome of Plaintiff's claim. As a result, this case should be remanded.

16. In *Glidewell*, Judge Fish found that numerous cases have found allegations similar to those here sufficient to state claims against adjusters. *Glidewell*, 2015 WL 4868483 at *5. The Court went on to cite *Palma v. Allstate Texas Lloyds*, No. 7:13-CV-575, 2014 WL 66867, at *2 (S.D. Tex. Jan. 8, 2014); *Cardona v. ASI Lloyds*, No. 3:14-CV-3739-G, 2015 WL 93470, at *1-3 (N.D. Tex. January 6, 2015) (Fish J.); *Ross v. Nationwide Property & Casualty Insurance Co.*, No. H-12-3495, 2013 WL 1290225, at *3 (S.D. Tex. Mar. 26, 2013) (allegations that an adjuster mishandled the claim by misrepresenting the cause of, scope of, and cost to repair the damage to an insured's property; misrepresenting the amount of loss; and misrepresenting the insurance coverage for the loss could, if proven true, establish an adjuster's liability" for misrepresenting material facts about the coverage at issue under Tex. Ins. Code. § 541.060(a)(1)); *Stewart v.*

*Nationwide Property & Casualty Insurance Company,* No. H-10-3021, 2011WL4592256, at *5 (S.D. Tex. Sept. 29, 2011) (allegations that adjuster inadequately inspected property, omitted damages in report, and undervalued damages constituted misrepresentations of material facts about the coverage at issue under Tex. Ins. Code § 541.060(a)(1)). Those same allegations have been asserted in Plaintiff's case against Defendants and likewise require the remand of this case.

18. In addition, the Texas Insurance Code at Section 541.002(2) specifically lists adjusters under its definition of "persons." This includes adjusters such as Rodriguez and Keen. The Texas Supreme Court in *Garrison Contractors* noted that the legislative history clearly indicated that Article 21.21 (re-codified as Chapter 541 of the Texas Insurance Code) was not designed to apply only to insurance companies. *Id* at 485. Subsequently, the Texas Supreme Court in *Crown Life Insurance Company v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000), confirmed these holdings, stating:

> Moreover, we have acknowledged the Code's modification of the common-law agency principal by holding that an agent may be personally liable under Article 21.21 for deceptive acts, notwithstanding the fact that he acted within the scope of his employment. *See Garrison*, 966 S.W.2d at 485. This departure from the common law serves the Legislature's purpose of comprehensively regulating and prohibiting deceptive insurance practices.

19. In addition to ignoring *Garrison* and *Casteel*, Travelers has also ignored the controlling authority of *Vail v. Texas Farm Bureau Mutual insurance Company*, 754 S.W.2d 129 (Tex. 1988). The Texas Supreme Court in *Vail* held that contract damages support violations of the Texas Insurance Code against 'an adjuster which can also be a basis for extra contractual damages. In this respect, the Court in *Vail* stated: "It would be incongruous to bar an insured — who has paid premiums and is entitled to protection under the policy — from recovering damages when the insurer wrongfully refuses to pay a valid claim. Such a result would be in contravention of the remedial purposes of the DTPA and the Insurance Code..." *Id.* at 136. Vail

has not been overruled and "Vail remains the law." *Allstate Insurance Company v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (on rehearing).

20. Contrary to these holdings, Travelers has relied on some inconsistent and erroneous Federal court rulings, but under the *Erie* doctrine, state law as pronounced by the Texas Supreme Court should control this matter. In this respect, the cases that Travelers relies upon and cited on pages five and six or its notice of removal are outliers and improperly apply state law. In this respect, a federal court must also resolve all contested fact issues and any ambiguities of state law in favor of the plaintiff and remand. *Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)). In *Gasch*, the Fifth Circuit explained that since the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns; therefore, the removal statute must be strictly construed and any doubt about the propriety of removal must be resolved in favor of remand. *Id* at 281-282.

21. Consistent with above referenced Supreme Court of Texas holdings, numerous other Federal District Courts in Texas have remanded cases after removal based on similar allegations of improper joinder holding that under Texas law insurance adjusters are liable for their violations of Article 21.21 (re-codified as Chapter 541 of the Texas Insurance Code). *See Blanchard v. State Farm Lloyds*, 206 F. Supp. 840 (S.D. Tex. 2001) (Rosenthal, J.) (citing in footnote 1 numerous district court decisions remanding cases on the improper joinder issue) (many of those cases are Plaintiff's counsel's previous cases); *Cornman v. State Farm Lloyds*, No. Civ. A.H-01-3266 (S.D. Tex. Nov. 19, 2001) (Atlas, J.); *Rosenauer v. State Farm Lloyds*, 2001 U.S. Dist. Lexis 24133, No. Civ. A.H-01-1314 (S.D. Tex. June 28, 2001) (Hittner, J.). Judge Sam Lindsey has also remanded a case based on similar allegations against Defendant

Keen in *Chandler Management Corporation v. First Specialty Insurance Corporation, Vericlaim, Inc., and Jason Keen*, No. 3:12-CV-02541-L, 2013 WL 395577 (N.D. Tex. Jan. 31, 2013) (Lindsay, J.) (another one of Plaintiff's counsel's cases).

21. Plaintiff's pleadings clearly provide fair notice of Defendants Rodriquez's and Keen's violations of the Texas Insurance Code. In this respect, Travelers cannot meet its heavy burden of showing that there is no possibility of recovery by Plaintiff against the in-state Defendants Rodriquez and Keen. The Texas Supreme Court in *Garrison Contractors*, *Casteel*, *Vail*, and *Watson* has already established that a reasonable basis exists for Plaintiff's allegations in this case. Due to this reasonable basis and since Plaintiff's pleadings are plausible and clear concerning its causes of action against Rodriguez and Keen for violations of Chapter 541 of the Texas Insurance Code, this court should remand this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court grant Plaintiff's motion to remand, remand this case to the 134th Judicial District Court of Dallas County, Texas, and award Plaintiff such other relief as may be proper.

Respectfully submitted,

Loree & Lipscomb
777 East Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: /s/ Robert W. Loree
Robert W. Loree
State Bar No. 12579200
Email: rob@lhllawfirm.com
Todd Lipscomb
State Bar No. 00789836
Email: todd@lhllawfirm.com

Robert W. Von Dohlen
State Bar No. 24077596
Von Dohlen Law Firm, PLLC
4101 Washington Avenue
Houston, Texas 77007
Telephone: (830) 388-0084
Facsimile: (866) 838-6316
Email: robert@vondohlenlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff has served a true and correct copy of this motion to remand on September 8, 2015 to counsel of record, James W. Holbrook, III and Jennifer L. Gibbs, 901 Main Street, Suite 4000, Dallas, Texas 75202-3975, via the Court's CM/ECF system.

Robert W. Loree